Judge Robertson
delivered the opinion of the Court.
In 1809, Thomas Hart made his last will, whereby, among other things, he emancipated his slave Joe, and devised to him $200, “¿o assist him in buying his wife?'*
. On the 10th of January, 1826, Joe filed a bill in chancery, against the surviving executors and executrix of Thomas Hart, praying a decree for the legacy of $200.
T ., . r. . ... ,. , In their first answer, the representatives say,That one of them, (Hunt) owns Joe’s wife, and- is unwilling, at least at this time, to sell her, and that, therefore, as the devise was for a specific object, which cannot now be effected, Joe is not entitled to a decree,
In an amended-answer, they charge, that Joe has continued to live with Mrs. Hart, ever since the death of Thomas Hart, excepting a few. years, when he lived on a piece of land belonging to Hart’s, estate, and that, during this interval, she had made advancements of small sums of money to him, which, when added to the value of the use of the ground, would equal the legacy of $200; and they, therefore, pray, a set-pff if Joe be entitled to the $200,
This answer was demurred to, and the court, without overruling the demurrer, dismissed the bill, on the ground that the lapse of time, either barred Joe’s claim, or created a presumption of a payment of it.
Joe has prosecuted a writ of error, with a superse-deas, to reverse this decree.
Only two depositions were filed in the cause; these prove that Joe lived, generally, with Mrs. Hart, for whom he rendered services without any contract for compensation; that he was a gardner, attended the garden, containing about one acre of ground, but was occasionally assisted by another servant; -that he attended market for Mrs. Hart, waited in the house and performed other services; that he would occk- *350 sionally go away on Friday or Saturday, and not return until Monday; that sometimes Mrs. Hart gave fifty cents, and sometimes a dollar, and at one time $20, all which amounted, in the opinion of one of the witnesses, to at least ‡ 100; that he was settled on the land near Lexington, for the purpose of raising poultry for Mrs. Hart, but that it was not recollected that he furnished any; that the use of the ground which he occupied, was worth at least $100, but that there was no contract for paying any rent, and Joe frequently said, whilst he occupied the ground, that he was to pay no rent.
We are satisfied that Mrs. Hart never intended to charge Joe for the little advances of money, or for the use of the land. As he lived with her, and was generally devoted to her service, it would be expected that she would, at least, furnish him occasionally, with trifling sums, to enable him to buy small comforts. This was right and natural. It was only quid pro-quo, at most. Joe’s service must have been worth more than his boarding and cloathing. It is clear that he was not to be charged rent for the ground, for the few years during which he lived on it. Mrs. Hart certainly did not, as executrix, make the occasional advances to Joe, and permit him to occupy the ground, for the purpose of paying the legacy of $200. If she had, there would have been some understanding to this effect, and she would have kept-some account of the items. Besides, the first answer clearly negatives such an idea, if there were nothing else that would.
No statute of limitation applies to Joe’s claim, nor does the lapse of time create a presumption of payment, especially as there is no allegation of payment; and the only reason urged by the defendants for considering the $200 as virtually paid, is the account suggested in the amended- answer. That being insufficient, it would be unreasonable to presume any other. Besides, the amended answer sets up the account as a set-off, not a payment. If Joe be justly indebted to Mrs. Hart, he must be indebted to her in her individual, right, and in that right alone., can she seek indemnity.
*351 The amended answer was insufficient, and the de_ murrer to it ought, therefore, to have been sustained.
Nor will the defence relied on in the first answer avail. Joe is entitled to the $>200 before he shall have purchased his wife, because it was devised to him uio assist him” to make the purchase. And if Mr. Hunt will not sell her now, perhaps he will hereafter. Joe should have the money, so that, by making it productive, he may be the more able to make the purchase.
But the specification of the principal object for which the devise of the $200 was made,' does not qualify it, or affect J'oe’s right to it; some motive influences every bequest, specifying it, does not authorize the executor to withhold the thing devised, until the object for devising it, can be effectually accomplished. A, devises to B, $100, to enable him to buy a horse, or to assist him to pay for a home. Can the executor withhold the $100 until B shall have bought the horse or paid for his home? Or can he refuse to make the payment of the legacy, because B, shall be unable or unwilling to buy the horse or pay for a home? Surely not.
If Joe’s wife had died the day after T. Hart’s death, he would have been still entitled to the $200. And consequently, if Mr. Hunt shall never sell the wife, Joe’s right to the legacy will remain clear and perfect.
The money is not devised to the executors in trust, for a special purpose; but it is devised to Joe. He' has a right to do as he shall choose to do with it, when he shall have received it. The executors cannot compel him to appropriate it to the purchase of his wife, nor withhold it until he shall be Able or willing to make the purchase. See II. Cruise, 19-25; II. Atkins, 261; III. Chy. Ca. 129.
The legacy was given absolutely to Joe, and vested immediately. ■ The devise is absolute. The testator did not prescribe any condition. The law will surely not amend his will, by superadding a condition. If the testator had intended that Joe, should not receive the $200 until he could buy his wife, and that *352 be should have nothing unless he should buy her, he might and no doubt would have said so, and secured an appropriation of the legacy to that object alone.
Combs, for plaintiff; Wickliffe and Wooley, for defendants.
Wherefore, the decree of the circuit court is reversed, and the cause remanded, with instructions to render a decree conformable to this opinion.